**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TIMETHIA BROWN,

    Plaintiff,

v.                                                   Case No. 8:19-cv-2888-T-60AAS

ADVANCED CONCEPT
INNOVATIONS, LLC,

    Defendant.
_____/

**ORDER DENYING "DEFENDANT'S PARTIAL MOTION**
**TO DISMISS COUNTS II – IV OF THE AMENDED**
**COMPLAINT AND MEMORANDUM IN SUPPORT"**

This matter is before the Court on "Defendant's Partial Motion to Dismiss Counts II – IV of the Amended Complaint and Memorandum in Support," filed by counsel on December 12, 2019. (Doc. 9). On January 7, 2020, Plaintiff Timethia Brown filed her response in opposition to the motion. (Doc. 19). After reviewing the motion, response, court file, and the record, the Court finds as follows:

**Background**

Plaintiff is a former employee of Defendant Advanced Concept Innovations, LLC. According to Plaintiff, she suffered from ptyalism during a difficult pregnancy. Plaintiff was terminated on May 14, 2018, after she returned from leave under the Family and Medical Leave Act ("FMLA"). Plaintiff alleges that her termination was due to her race, gender, disability, and pregnancy. She has asserted four claims for relief – disability discrimination under the Florida Civil

Rights Act (Count I), race discrimination under the Florida Civil Rights Act (Count II), gender discrimination under Title VII (Count III), and pregnancy discrimination under Title VII, as amended by the Pregnancy Discrimination Act (Count IV).

## Analysis

In its motion to dismiss, Defendant argues two grounds for dismissal.  First, Defendant argues that Count IV is untimely.  Second, Defendant argues that Counts II, III, and IV should be barred because Plaintiff failed to exhaust her administrative remedies as to these claims.

### *Timeliness*

Defendant argues that Count IV should be dismissed because it is untimely.  Specifically, Defendant contends that Plaintiff filed her pregnancy discrimination claim for the first time in her amended complaint on November 5, 2019 – 200 days after the EEOC's dismissal and notice of rights letter.  Defendant further asserts that the claim cannot relate back to the date of the initial complaint because Defendant was only served with a copy of the amended complaint.

A plaintiff seeking relief under Title VII must file suit within ninety days of receiving a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").  42 U.S.C. 2000e–5(f)(1); *see, e.g.*, *Curry v. Bank of America, N.A.*, No. 8:11-cv-1904-T-33MAP, 2012 WL 5989351, at *3 (M.D. Fla. Nov. 29, 2012).  "The 90-day deadline has been strictly enforced by the Eleventh Circuit."  *Id*. (citing *Law v. Hercules, Inc.*, 713 F.2d 691, 692 (11th Cir. 1983)).  It is undisputed that the

pregnancy discrimination claim was filed more than ninety days after the EEOC right-to-sue letter.

However, the pregnancy discrimination claim may proceed if it relates back to the initial complaint. An "amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15(c)(1). Here, the pregnancy discrimination claim arises out of the same conduct, transaction or occurrence set out in the original complaint – Plaintiff's termination following her return from FMLA leave. *See* (Doc. 1-1). Although Defendant cites to *Giner v. AllStars Ins. Partners, Inc.*[1] to support its position, the Court finds that this case is not binding authority and is distinguishable on the facts. Consequently, the Court finds that Plaintiff's pregnancy discrimination claim is timely under Rule 15(c). Defendant's motion to dismiss Count IV on this basis is therefore denied.

### *Exhaustion of Remedies*

Defendant additionally argues that Counts II, III, and IV should be dismissed because Plaintiff has failed to exhaust her administrative remedies. Defendant generally asserts that the crux of Plaintiff's EEOC charge was termination due to her alleged disability – not race, gender, or pregnancy. Defendant argues that the Court should dismiss these counts due to the failure to include factual support for these discrimination claims.

---

[1] No. 19-22434-CIV-MORENO, 2019 WL 6130772 (S.D. Fla. Nov. 19, 2019).

The Eleventh Circuit has held that "a 'plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Gregory v. Georgia Dept. of Human Resources*, 355 F.3d 1277, 1280 (11th Cir. 2004) (quoting *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000)).  However, courts are "extremely reluctant" to preclude discrimination claims due to procedural technicalities.  *See id.*

In her EEOC charge, Plaintiff checked the boxes indicating that the charge was based on race, sex, and disability discrimination.  *See* (Doc. 1-1).  The content of the charge itself provides that Plaintiff believes she was terminated due to her disability, race, and gender.  *See* (*id.*).  Finally, the particulars of the claim include that Plaintiff was terminated after returning from FMLA leave *due to a difficult pregnancy*.  *See* (*id.*) (emphasis added).  It is clear to the Court that a reasonable EEOC investigation would likely have included investigation into each of these possible reasons for termination.[2]  *See Gregory*, 355 F.3d at 1280 (holding district court did not err in finding that retaliation claim was not precluded where facts alleged could have "reasonably been extended to encompass a claim . . . because they were inextricably intertwined with [plaintiff's] complaints of race and sex discrimination."); *see also Ramjit v. Benco Dental Supply Co.*, No. 6:12-cv-528-Orl-28DAB, 2013 WL 140238, at *3 (M.D. Fla. Jan. 11, 2013) (concluding that pregnancy discrimination claim was within the scope of reasonable EEOC

---

[2] The Court additionally notes that "[p]regnancy discrimination is–by statutory definition–a subset of sex discrimination."  *See Ramjit v. Benco Dental Supply Co.*, No. 6:12-cv-528-Orl-28DAB, 2013 WL 140238, at *3 (M.D. Fla. Jan. 11, 2013) (citing 42 U.S.C. § 2000e(k)).

investigation). As such, the motion to dismiss Counts II, III, IV based on the failure to exhaust administrative remedies is due to be denied.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant's Partial Motion to Dismiss Counts II – IV of the Amended Complaint and Memorandum in Support" (Doc. 9) is hereby **DENIED**.

(2) Defendant is directed to file an answer on or before May 19, 2020. In the interest of judicial economy, even though Defendant has previously filed a separate amended answer as to Count I (Doc. 23), Defendant should refile one document that includes its answer and affirmative defenses as to each of the counts of the amended complaint.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 28th day of April, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**