UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMETHIA BROWN,

    Plaintiff,

v.    Case No: 8:19-cv-2888-TPB-AAS

ADVANCED CONCEPT
INNOVATIONS, LLC,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS FOR JUDGMENT AS A MATTER OF LAW

This matter is before the Court on the following motions:

"Defendant's Motion for Judgment as a Matter of Law and Incorporated Memorandum of Law" (Doc. 77);

"Defendant's Supplement to Motion for Judgment as a Matter of Law and Incorporated Memorandum of Law" (Doc. 89); and

"Defendant's Renewed Motion for Judgment as a Matter of Law, or Alternatively New Trial, or Alternatively Remittitur of Punitive Damages and Incorporated Memorandum of Law" (Doc. 98).

Plaintiff filed responses in opposition to each motion. (Docs. 78; 91; 103). Defendant filed a reply. (Doc. 104). Upon review of the motions, responses, reply, court file, and the record, the Court finds as follows:

### Background

Plaintiff Timethia Brown is a former employee of Defendant Advanced Concept Innovations, LLC, a contract packaging and manufacturing company.

Plaintiff suffered from a condition known as ptyalism during a difficult pregnancy. This condition required her to frequently spit during the erm of her pregnancy. She was terminated on May 14, 2018, after she returned from leave under the Family and Medical Leave Act ("FMLA"). She asserted four claims for relief – disability discrimination under the Florida Civil Rights Act (Count I), race discrimination under the Florida Civil Rights Act (Count II), gender discrimination under Title VII (Count III), and pregnancy discrimination under Title VII, as amended by the Pregnancy Discrimination Act (Count IV). Following trial, a jury rendered a verdict in Plaintiff's favor on Count I only, in the amount of $34,440.00 compensatory damages and $10,000.00 for emotional pain and mental anguish. The jury also awarded punitive damages in the amount of $50,000.00. Defendant has appealed the judgment.

## Analysis

In the pending motions, Defendant primarily argues that the evidence presented at trial, and all reasonable inferences based on that evidence, demonstrate that Plaintiff failed to prove her failure to accommodate claim. Upon review, the Court concludes that there is sufficient evidence to support the jury's verdict as to Count I. As such, the motion for judgment as a matter of law and motion for new trial are denied as to those grounds.

However, the Court finds that Defendant is entitled to judgment in its favor concerning Plaintiff's punitive damages claim. Based on the evidence presented, no reasonable jury could have found that Defendant acted with the requisite malice or

reckless indifference to support an award of punitive damages. *See, e.g.*, Fed. R. Civ. P. 50; *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1280 (11th Cir. 2008) (quoting *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1280 (11th Cir. 2002)) ("Malice or reckless indifference is established by a showing that the employer discriminated in the face of the knowledge that its actions would violate federal law."). To the contrary, the evidence presented at trial established that Defendant treated Plaintiff, in some ways, more favorably than other similarly situated employees. The evidence showed that Defendant viewed Plaintiff as a good employee and awarded her pay raises and a promotion. There is no evidence that a reasonable jury could rely on to find that Defendant engaged in a pattern of discrimination, acted with spite or malevolence, or acted with blatant disregard for Plaintiff's civil rights. To the extent that the jury found Defendant's actions were in any way unlawful or negligent, "mere negligence as to the civil rights of employees is not enough to justify punitive damages." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 611 (11th Cir. 2000) (citing *EEOC v. Wal-Mart Stores Inc.*, 156 F.3d 989, 992 (9th Cir. 1998)).[1] As such, the Court concludes that Defendant is entitled to judgment as a matter of law as to the punitive damages claim. The request for remittitur is denied as moot.

---

[1] It seems doubtful that any of the lawyers that litigated this case, on either side, seriously believed the facts presented merited an award of punitive damages. Indeed, Plaintiff's counsel did not provide evidence to the jury regarding Defendant's financial situation. That omission caused the jury to submit a written question to the Court during their deliberations that stated as follows: "May we have information about ACI's financials? P & L? 1 year. Pg. 17 of Court's Instructions says we need to regard ACI's financial resources in fixing amount of damages." *See* (Doc. 82-4).

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendant's motions (Docs. 77; 89; 98) are hereby **GRANTED IN PART** and **DENIED IN PART**.

(2) The motions are **GRANTED** to the extent that Defendant is entitled to judgment on Plaintiff's punitive damages claim. The Clerk is directed to amend the judgment to remove the award of $50,000.00 in punitive damages. No other changes should be made.

(3) The motions are otherwise **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>28th</u> day of July, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**